IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br>　　　Plaintiff,<br><br>vs.<br><br>ROEY PFISTER, JESSICA CONNELL, ROXANNE WIGERT, and SGT. JONES,<br><br>　　　Defendants. | CV 20-00005-H-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jacob Smith has filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 1), a proposed Complaint (Doc. 2), and a Motion for Temporary Restraining Order (Doc. 6). The motion for leave to proceed in forma pauperis will be granted and Defendants will be required to respond to the Complaint. The Motion for Temporary Restraining Order should be denied.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

The Court finds Mr. Smith's motion to proceed in forma pauperis and account statement (Docs. 1, 4) sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the motion to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Smith is still required to pay the statutory $350.00 filing fee. The statute first requires the payment of an initial partial filing fee when funds exist. Mr. Smith submitted an account statement

1

showing an inability to pay that fee; therefore, the Court will waive the initial partial filing fee and Mr. Smith may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Smith must pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Smith must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id*. By separate order, the Court will direct the facility where Mr. Smith is held to forward payments from Mr. Smith's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING

The Court has considered whether Mr. Smith's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Dismissal is not appropriate at this time. Defendants must respond to the Complaint. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its

sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

## III. MOTION FOR TEMPORARY RESTRAINING ORDER

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test

are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

The function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988). As such, there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party").

4

Mr. Smith seeks an order enjoining Defendant Conell from "further threatening and retaliating against Peter Hallberg and Smith's witnesses." (Doc. 6 at 2.) Mr. Smith has not, however, met his burden of persuasion and has not demonstrated that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of such an order, the balance of equities tip in his favor, or that an injunction is in the public interest. *See Winter*, 555 U.S. at 20 (citations omitted).

The Prison Litigation Reform Act mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Here, Mr. Smith seeks injunctive relief in the form of an order prohibiting prison officials from taking actions not only against Mr. Smith but also other inmates who may be potential witnesses in this case. The Court finds that the relief Mr. Smith seeks would potentially interfere with the operation of the prison and therefore have an adverse impact on public safety and/or the

operation of the criminal justice system. The Court should not issue an all-encompassing order such as the one requested by Mr. Smith. The motion for temporary restraining order and injunctive relief and request for hearing should be denied.

Based on the foregoing, the Court issues the following:

## ORDER

1. Mr. Smith's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED." The Complaint is deemed filed on January 17, 2020.

2. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

3. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);

    \*  Motion for Temporary Restraining Order (Doc. 6);

    \*  this Order;

    \*  a Notice of Lawsuit & Request to Waive Service of Summons; and

    \*  a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

    4.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

    5. Mr. Smith <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

    6. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

    7. At all times during the pendency of this action, Mr. Smith must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Smith's Motion for Temporary Restraining Order and Injunctive Relief (Doc. 6) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smith may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of March, 2020.

                                                       */s/ John Johnston*
                                                       John Johnston
                                                     United States Magistrate Judge

---

[1] Mr. Smith is entitled an additional three days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROEY PFISTER, JESSICA CONNELL, ROXANNE WIGERT, and SGT. JONES,<br><br>　　　　Defendants. | CV 20-00005-H-BMM-JTJ<br><br>RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |

TO:　Legal Counsel for the Montana Department of Corrections
　　　P.O. Box 201301
　　　Helena, MT 59620-1301

　　A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Complaint (Doc. 2) is attached.

　　This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

　　If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on Defendants and they will have 60 days from the date this notice is sent to answer

1

the Complaint. If you do not return the signed waiver within the time indicated,

the Court will order the U.S. Marshals Service to personally serve the summons

and Complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 16th day of March, 2020.

                                */s/ John Johnston*
                                John Johnston
                                United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROEY PFISTER, JESSICA CONNELL, ROXANNE WIGERT, and SGT. JONES,<br><br>　　　　Defendants. | CV 20-00005-H-BMM-JTJ<br><br><br>RULE 4 WAVIER OF SERVICE OF SUMMONS |

TO:　The U.S. District Court for the District of Montana

　　　The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint (Doc. 2). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

　　　The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendants also

1

understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)