IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>  Plaintiff,<br><br>vs.<br><br>ROEY PFISTER, JESSICA CONNELL, ROXANNE WIGERT, and SGT. JONES,<br><br>  Defendants. | CV 20-00005-H-BMM-JTJ<br><br><br>Findings and Recommendations of United States Magistrate Judge |

On January 17, 2020, Plaintiff Jacob Smith, a state prisoner proceeding without counsel, filed a Complaint alleging Defendants Pfister and Connell removed him from the Intensive Treatment waiting list in 2018 in retaliation for a complaint he filed in January 2018; Defendant Wigert designated him a member of a Security Threat Group in September 2018 for participating in a group photograph just prior to his October 2018 appearance before the Board of Pardons and Parole; and that after reading one of Mr. Smith's legal documents in May 2019, Defendant Jones began harassing Mr. Smith. (Complaint, Doc. 2 at 2-3.)

On March 16, 2020, this Court issued an order to serve Mr. Smith's Complaint after screening it pursuant to 28 U.S.C. §§ 1915, 1915A. (Doc. 7.) Defendants filed an Answer on May 15, 2020 (Doc. 12) and less than two weeks later, Mr. Smith filed a Motion for Leave to File an Amended Complaint seeking to add seven additional defendants listing a number of additional incidents which

1

Mr. Smith labels as retaliation but which he fails to specifically link to his litigation activity.

The real issue with Mr. Smith's amendments is that he seems to regard every adverse action taken against him as a form of conspiracy in retaliation for his extensive litigation activity.  Mr. Smith has raised such allegations in his other pending lawsuits in this Court (Civil Action Nos. 17cv119-H-DLC-JTJ and 20cv18-H-BMM-JTJ) and it appears in a number of state court lawsuits referenced in his other federal court filings.

Even if he could link the alleged actions raised in his current amendment to his litigation activities, he has not related the new actions set forth in his proposed Amended Complaint to those set forth in his original Complaint.  Rule 18 of the Federal Rules of Civil Procedure provides:  "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, provides that defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2).

Rule 20 is a flexible rule that allows for fairness and judicial economy. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986). "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." *Id.*, § 1653 at 382.

Rule 20(a)(2) imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted against, each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

Mr. Smith's new allegations while couched as retaliation bring in a whole slew of new unrelated allegations.  His conclusory representation that the denial of a typewriter, an alleged sexual assault, and supervisory liability which all occurred after the incidents alleged in the original complaint are somehow related to the incidents in the original complaint are insufficient.  Aside from Mr. Smith's rank speculation that everything done to him in prison is in retaliation for his litigation activities, there is nothing to suggest that these seemingly unrelated incidents by different individuals arise out of the same transactions or series of transactions as alleged in the original complaint.  Even though Mr. Smith raises retaliation claims against all the defendants, such claims are not legally related under Rule 20 because they involve different defendants, different incidents, and therefore will not involve facts common to both defendants.  Fed.R.Civ.P. 20(a)(2).

Mr. Smith may raise his new allegations in a separate complaint, but the Court should not extend the current matter.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

Mr. Smith's Motion for Leave to File an Amended Complaint (Doc. 13) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within

fourteen (14) days after service (mailing) hereof.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of July, 2020.

       /s/ John Johnston
John Johnston
United States Magistrate Judge