IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>ROEY PFISTER, et al.,<br><br>    Defendants. | CV 20-05–H–JTJ<br><br>**ORDER** |

Plaintiff Jacob Smith filed this lawsuit regarding incidents that occurred during his time of incarceration at Montana State Prison. Doc. 2. Several pending motions remain before the Court in this matter. Docs. 25, 33, 41, 42, 55, 56, 58, 67. United States Magistrate Judge John Johnston entered a Findings and Recommendations to resolve these motions. Doc. 70. Judge Johnston entered the Findings and Recommendations on April 8, 2021. *Id*. Plaintiff Smith filed timely objections on April 16, 2021. Doc. 71.

**FINDINGS AND RECOMMENDATIONS (Doc. 70).**

Smith is an inmate at Montana State Prison ("MSP"). Doc. 44 at 1. Smith filed a lawsuit in 2017 alleging MSP staff and officials violated Smith's civil rights. *Id*. Defendants were never named as defendants in the 2017 lawsuit. *Id*. Smith now alleges in this action that Defendants retaliated against him for filing the 2017

1

lawsuit. Doc. 2 at 2. Defendants include Pfisterer, Conell, Jones, and Wigert. Doc. 44 at 1–2.

Judge Johnson recommended that the Court grant Defendants' Motion for Summary Judgement (Doc. 42) because Smith has failed to exhaust his administrative remedies. Doc. 70 at 2. Judge Johnson also recommended that the Court deny the other motions as moot. *Id*.

**STANDARD OF REVIEW.**

The Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

**OBJECTIONS.**

Smith filed timely objections. Doc. 71. Smith's objections prove improper. *See Rosling*, 2014 WL 693315 at *3. Smith sole objection claims that he has fully exhausted his administrative remedies regarding Defendants Conell, Pfisterer, and Wigert. Doc. 71 at 1–2. These conclusory statements neither identify the parts of the Findings and Recommendations that Smith finds objectionable nor present legal argument and supporting authority that support a contrary result. *Holder*, 2010 WL 4102940, at *2. They merely conclude a contrary result. The Court will review for clear error, therefore, these portions of the Findings and Recommendations. *See Rosling*, 2014 WL 693315 at *3. Smith does not object to portions of the Findings and Recommendations related to Defendant Jones. The Court also will review for clear error these portions of the Findings and Recommendations. *See Rosling*, 2014 WL 693315 at *3.

**ANALYSIS.**

Judge Johnston relies on the Prison Litigation Reform Act's exhaustion requirement (42 U.S.C. § 1997e(a)), which states the following:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Administrative remedies typically proceed as follows: (1) information resolution, (2) formal grievances, (3) appeal to the Warden, and (4) appeal to the Director of the Department of Corrections ("DOC").

Briefly, Judge Johnston determined that Smith failed to exhaust his administrative remedies regarding his allegations against Defendants Pfisterer and Conell. Doc. 70 at 9. Smith filed several informal grievances against Defendants Pfisterer and Conell relating to Smith's placement in a drug treatment program. *Id*. There remains some confusion about whether Smith also filed subsequent formal grievances, but Judge Johnston correctly concluded that it matters not. Smith failed to appeal the informal and/or formal grievances to the Warden or the Director of the DOC. *Id*.

Judge Johnston determined that Smith failed to exhaust his administrative remedies regarding his allegations against Defendant Jones and Wigert relating to disciplinary infractions and retaliatory security threat group designations. Doc. 70 at 12−13. Smith filed three informal grievances against Defendant Jones but never pursued them through the formal or appeals processes. *Id*. at 12. Smith filed an informal grievance against Defendant Wigert but, again, never pursued it through the formal or appeals processes. *Id*. at 13. The record remains cloudy regarding several grievances that Smith filed related to his security threat designation, but Judge Johnson correctly noted that even if these grievances were related to his

retaliation claims against Defendant Wigert, Smith has failed to pursue them to appeals before the warden or the director of the DOC.

**CONCLUSION.**

The Court finds no clear error in Judge Johnson's Findings and Recommendations (Doc. 70). *See Rosling*, 2014 WL 693315 at *3. Defendants are entitled to summary judgment because Smith has failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act.

### ORDER

**IT IS ORDERED** that Judge Johnson's Findings and Recommendations (Doc. 70) is **ADOPTED** in full.

**IT IS FURTHER ORDERED**:

1. Motion for Protective Order (Doc. 25) is **DENIED** as moot.

2. Motion to Modify Scheduling Order (Doc. 33) is **DENIED** as moot.

3. Motion for Extension of Time to Complete Discovery (Doc. 41) is **DENIED** as moot.

4. Defendants' Motion for Summary Judgment (Doc. 42) is **GRANTED**.

5. Motion for Reconsideration (Doc. 55) is **DENIED** as moot.

6. Motion for Leave to File Under Seal (Doc. 56) is **DENIED** as moot.

7. Motion for Sanctions (Doc. 58) is **DENIED** as moot.

8. Motion to Strike (Doc. 67) is **DENIED** as moot.

9. The Clerk shall enter judgment in favor of Defendants and close this case.

DATED this 3rd day of May, 2021.

_____
Brian Morris, Chief District Judge
United States District Court